W. L. CLARK, Appellant, v. JOE WEATHERS et al., Appellees.

**NEGLIGENCE:** Contributory Negligence—Apparent Causal Connection—Burden to Remove—Automobile Collision. Contributory negligence, having apparent causal connection with an automobile collision in which plaintiff was injured, defeats recovery, *unless plaintiff removed such apparent causal connection.*

PRINCIPLE APPLIED: Plaintiff, with others, in a Ford automobile, and at a speed of from 12 to 15 miles per hour, approached a bridge, and gradually slowed down and stopped, in order to enable two approaching teams on the bridge to get out of the way. Unknown to plaintiff, defendant, when plaintiff stopped, was 200 feet in the rear of plaintiff, and, with a Cadillac automobile, was approaching the same bridge at a speed of from 25 to 30 miles per hour. Neither plaintiff nor his driver gave any signal to anyone in the rear of their intention to stop, as commanded by Sec. 1571-m18, Code Supp., 1913. Defendant's automobile ran into the rear of plaintiff's car. Plaintiff estimated that his car was hit a full half minute after he had stopped. *There was no evidence as to how quickly or within what distance defendant might, in reason, have stopped, had he received a signal. Held,* plaintiff's failure to signal to defendant constituted contributory negligence; that such negligence had, apparently, causal connection with the collision; and that plaintiff, having failed to remove such apparent causal connection by other evidence, must suffer a directed verdict.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

SATURDAY, OCTOBER 21, 1916.

ACTION for damages resulted in a directed verdict for defendant and judgment thereon. The plaintiff appeals.— *Affirmed.*

*Shull, Gill, Sammis & Stilwell,* for appellant.

*Griffin & Page* and *H. B. Walling,* for appellees.

LADD, J.—The complaint is that defendants were negligent in not stopping their automobile before colliding with the rear of that of plaintiff. The sole issue is whether the evidence was such that this issue, with that of contributory negligence, should have been submitted to the jury. A cousin of plaintiff's was driving a five passenger Ford, with his wife and two daughters in the rear seat, and plaintiff with him in the front seat. They had started from their home about a half mile east of Anthon, shortly after noon, for Rodney; and, as they neared the approach to the bridge over the Little Sioux River, the automobile was moving at the rate of from 12 to 15 miles per hour. The car was slowed down to about 10 miles an hour, and to 4 to 6 miles when the driver began to bring it to a standstill. This was done owing to two teams, coming from the other end of the bridge, and near the east end, about 18 inches from the north side. Neither the driver nor plaintiff was aware of defendants' car being in the rear, nor did either give any signal or other warning that the car was about to be stopped. But defendants' automobile (Cadillac) came against the rear end of plaintiff's, causing the injuries complained of. The situation was such that defendants must have seen the car ahead. The driver of plaintiff's car testified:

*Margin note:* NEGLIGENCE: contributory negligence: apparent causal connection: burden to remove: automobile collision.

"I had got stopped probably half a minute before this auto struck. It was not over a minute at the longest . . . I think if I had not had my foot on the brake—I hadn't taken my foot off the brake yet—I think this heavy car would have pushed us into the railing and possibly over the bridge. It pushed and shoved our car straight ahead. . . . I did not use the emergency brake. The car is 11 or 12 feet long. From the time I applied the brake until it stopped, it went between 11 and 12 feet. . . . Think I had stopped my car a half minute before the collision; something like that. My best judgment is that the car had come to a complete standstill a

good half minute before the collision. I could not measure it in seconds.''

Plaintiff testified:

''By the time the car was stopped, he came into us. He hadn't taken his foot off the brake yet. About a minute, as near as I could judge, by the time the car came into us— probably a minute or a half a minute. I could not say it was standing still a full minute before we were hit, but nearly so. We came to a standstill. It was past a half minute.''

The testimony of the driver's daughter was substantially the same; but his wife, who sat in the back seat, testified that, as the car was about to stop, she looked back and saw defendants' car following at the distance of about 200 feet, at a speed of 25 or 30 miles an hour, and supposed it would be stopped.

''Q. How long was that before the car was stopped? A. Not a minute. Our car was going to stop when I looked back; just before it stopped. I looked back and saw him coming at quite a rate of speed about 200 feet back, and then in something like a minute he struck our car. I would judge his rate of speed between 25 and 30 miles an hour. It did not seem to be a minute before he was right on to us. It was not a minute,—less than a minute.''

Such was the evidence on the issue as to the degree of care exercised by the respective parties. That the driver of plaintiff's car was negligent in not indicating in some way that the car was about to be stopped is not questioned; for Par. 3 of Section 1571-m18, Code Supp., 1913, provides:

''The operator of a motor vehicle shall, before stopping, turning or changing the course of such vehicle; first see that there is sufficient space to make such movement in safety and shall give a visible or audible signal to the crossing officer, if there be such, or to the drivers of vehicles following, of his intention to make such movement, by raising the hand and indicating with it the direction in which he wishes to turn.''

But it is argued that the evidence was such that the jury

might have found that there was no direct causal connection between the omission to signal defendants that the car was about to stop, and the collision. Of course, plaintiff's negligence cannot be found to have been the proximate cause unless it can be said that, but for such negligence, the injury would not have happened. *Tackett v. Taylor County,* 123 Iowa 149; *Tibbitts v. Mason City & F. D. R. Co.,* 138 Iowa 178.

As defendants' car was but 200 feet back, those in it must have seen and recognized such signal had it been given, and probably would have had ample time to have stopped their car before reaching the automobile ahead. Until aware of what was happening, they had the right to rely on compliance by the driver of plaintiff's car with the statutory mandate, by giving timely warning, by an appropriate signal, of his purpose to stop the car. Some difficulty always is experienced in detecting an increase or decrease in the speed of an object directly in front, moving in the same direction, and especially in determining whether the decrease is with the purpose of stopping. Huddy on Automobiles (4th Ed.), § 176. This being so, the automobile following probably would approach much nearer that ahead than it was when the front car began slowing down to stop, before the driver of the rear car, in the exercise of ordinary care, must have observed that it was stopping. At the speed to which Mrs. Clark testified, the rear car was coming at at least 36 feet a second, and it must have overtaken the automobile ahead in 6 seconds. There was no evidence tending to prove how quickly or within what distance the driver might, in the exercise of ordinary care and skill, have stopped a car such as defendants were driving. How, then, was it possible for a jury to say from the evidence whether the omission of the driver of the front car to signal that he was about to stop was not the contributing cause of the collision? The defendants may have been negligent in the matter of speed (Section 1571-m19, Code Supp., 1913); but, as plaintiff was guilty of contributory negligence apparently having causal connection with the collision, and there

was no room to say from the evidence adduced that this must have occurred notwithstanding such contributory negligence, the court rightly directed a verdict for defendants.—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.