GLENN WHEELER, Appellee, v. A. V. PETERSON, Appellant.

No. 41179.

FEBRUARY 16, 1932.

Sam G. Pickus and Gleysteen, Purdy & Harper, for appellee.

Baron & Bolton, for appellant.

DE GRAFF, J.—This is an action in tort to recover damages to property and injuries to person under pleaded allegations of negligence on the part of the defendant-appellant in operating a motor vehicle on a paved street in Sioux City, Iowa. The defendant-appellant in his abstract of record states:

"There was such conflict in the testimony as to the alleged acts of negligence on the part of the defendant that the jury, weighing the evidence, might properly have found that defendant was guilty of negligence in operating a motor vehicle in the nighttime at the street intersection in question, and since the

1240

appellant intends to rely on errors based upon questions involving contributory negligence on the part of the plaintiff, the appellant will not set out the evidence tending to show or disprove negligence on the part of the defendant.''

It appears, therefore, by the foregoing statement that but one question of fact is presented to this court on this appeal, to wit, the claimed contributory negligence on the part of the plaintiff-appellee in driving his motor vehicle at the time and place in question. The record discloses that the trial court overruled the defendant's motion for a directed verdict at the close of plaintiff's testimony, and his renewed motion for directed verdict at the close of all the testimony, to which rulings due exceptions were taken. This resulted in the submission of the cause to the jury, which returned a verdict for the plaintiff-appellee in the sum of $2,149.05.

Appellant relies upon certain propositions for a reversal, to wit:

1. The trial court erred in refusing to direct a verdict in defendant's favor at the close of plaintiff's testimony for the reason that, as a matter of law, the uncontroverted testimony discloses that plaintiff was guilty of contributory negligence contributing to his injury and damage.

2. The trial court erred in overruling defendant's motion for directed verdict at the close of all the testimony, for the reason that the uncontroverted testimony discloses that plaintiff was guilty of contributory negligence, as a matter of law, contributing to his injury and damage.

3. The court erred in overruling defendant's motion for directed verdict in favor of defendant at the close of all the testimony, for the reason that the testimony failed to prove defendant guilty of any negligence that was the proximate cause of injury or damage to the plaintiff.

It appears from the record evidence that the collision of plaintiff-appellee's Ford Coupé and the defendant-appellant's truck occurred at about 10:30 P. M., on the night of July 7, 1931; that the collision of said motor vehicles occurred at the intersection of Dace and Howard Streets in Sioux City, Iowa; that the defendant-appellant was driving a large International cattle truck in a northwest direction on Howard Street and

across the intersection of the aforesaid streets, the truck approaching the intersection from the southeast. Dace Street was established by the City Council of Sioux City as a "Thru Street," and the ordinance in question provided that every vehicle entering said "Thru Street" from intersecting streets shall come to a full stop before such entrance. Dace Street runs east and west, is paved, and double street car tracks occupy the center of said street, which is 80 feet from curb to curb and 18 feet 9 inches from the most northerly street car track to the north curb. Howard Street intersects Dace Street and runs north and south, and on the southeast corner of this intersection is an oil station, from which the defendant-appellant's truck emerged to enter Howard Street. On the same corner of the intersection near the south curb line of Dace Street and on the east curb line of Howard Street was a "Stop Sign" in black letters on a yellow background, 1½ feet square, extending 4 feet 8 inches from the ground, reading, as a driver approached from the south, "Thru STOP Street." This sign had been there for three years and was quite legible.

The defendant's truck was in the north driveway of the oil station facing west. This driveway curves as it crosses the sidewalk and reaches Howard Street to the northwest, so that the natural route taken by the truck was with the curve to the northwest. Reaching the intersection, the truck traveled diagonally across—"short cut"—6 feet to the west of the center of the intersection. The truck was traveling about 10 miles an hour when first seen, but was gaining speed as it proceeded. The truck made considerable noise, and the plaintiff was asked the question whether he could hear the noise for some distance. He replied that as he looked around to his left because he heard a noise, "The truck was right on top of me." The plaintiff-appellee's hearing was good prior to the accident, and he knew that all vehicles entering Dace Street from Howard Street must stop. Both the Ford Coupé and the truck entered the intersection at the same time, the Ford Coupé traveling west on Dace Street. The right wheel of the Ford Coupé was about 5 feet south of the north curb of Dace Street at the time of the collision.

The defendant-appellant did not stop at the "stop sign." He admitted when making his report at the police station that

he never knew there was a stop sign. He did not have the head lamps of his truck lighted. The appellee was traveling 12 to 15 miles per hour as he neared the intersection, and he crossed it at about that rate of speed. As he neared the intersection he looked to his left first and then to his right. He did not see the unlighted truck until he heard its motor above the noise of his own car, and as he stated, it was then "right on top of him." The right front fender of the truck crashed into the left center of the Ford Coupé, turning it over on its right side half in the street and half across the curb. The truck was never ahead of the Ford Coupé until after the accident. Appellee could see, as he looked over his left, the radiator of the truck, and at all times the truck was never ahead of the Ford, but it was to the left and the rear of it.

It is unnecessary, in the light of the issues and the propositions relied upon for reversal, to enter into a discussion of the injuries and damage received by the plaintiff-appellee as to both the car and to his person. It is sufficient to state that his personal injuries were quite severe, and the jury was fully warranted, under the evidence, in returning the verdict in the amount of damages which it did return.

The evidence bearing on plaintiff's contributory negligence was not such as to warrant the trial court in directing a verdict either at the close of plaintiff's evidence or upon the conclusion of all the evidence. It is well recognized that the presence or absence of contributory negligence is, as a general rule, a question for the jury. It is only when reasonable minds can draw but one conclusion from all the facts and circumstances and the inferences to be drawn therefrom that the court can determine the case as a matter of law. Hartman v. Red Ball Transp. Co., 211 Iowa 64; O'Hara v. Chaplin, 211 Iowa 404; Smith v. City of Hamburg, 212 Iowa 1022; Phelan v. Foutz, 200 Iowa 267, l. c. 270; McSpadden v. Axmear, 191 Iowa 547; Finnerty v. Shade, 210 Iowa 1338; Burke v. Town of Lawton, 207 Iowa 585. Furthermore, the credibility of witnesses is a matter for the jury.

The defendant-appellant contends that the defendant's negligence was not the proximate cause of plaintiff's alleged damage and injuries. With this proposition we cannot concur. The proximate cause of an accident is generally a question for the

jury, except where facts are so clear and undisputed that but one conclusion may be fairly drawn. Fitter v. Iowa Tel. Co., 143 Iowa 689; Rosche v. Bettendorf Axle Co., 168 Iowa 461; Nugent v. Cudahy Packing Co., 126 Iowa 517. It may also be observed that a driver approaching an intersection under circumstances entitling him to the right of way assumes that a driver upon an intersecting street will comply with the law and will yield the right of way or stop, unless from all the circumstances, and his observation, he is apprised to the contrary. Section 5033, Code, 1927; Shuck v. Keefe, 205 Iowa 365; Wolfson v. Jewett Lbr. Co., 210 Iowa 244; Sexauer v. Dunlap, 207 Iowa 1018; McCulley v. Anderson, 227 N. W. 321 (Nebr.). The plaintiff-appellee, under the circumstances, had the right to assume that appellant in approaching the intersection in question would obey the law as to a stop sign requirement. Carlson v. Meusberger, 200 Iowa 65, l. c. 78; Jelsma v. English, 210 Iowa 1065.

We conclude, therefore, that there is no evidence that would justify the trial court in holding, as a matter of law, that the plaintiff-appellee should have discovered the danger in time to have avoided the accident, for the reason that he was never made aware of any danger, since the defendant-appellant had no lights burning, was not traveling in the line or course of the street where he should have been, and failed to respect the stop sign, which was plainly visible to the appellant had he looked.

We hold, therefore, that the question of contributory negligence of the plaintiff-appellee and the question of proximate cause was for the jury.

The judgment of the trial court is, therefore, affirmed.— Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.