HARM KNEPPE, Appellee, v. MEINT HUISMANN, Appellant.

No. 43775.

APRIL 6, 1937.

E. H. Lundy, D. W. Dickinson, and John L. Butler, for appellant.

Willoughby, Strack & Sieverding, for appellee.

SAGER, J.—On the evening of March 2, 1936, plaintiff, in company with his son and one other, drove to Parkersburg, in Butler county, Iowa, to purchase some chicken coops. While there, the plaintiff had new batteries and a new bulb placed in an ordinary flashlight. Having done this he proceeded toward his home, approximately a mile and a half from Parkersburg, riding upon the coops, so placed upon boards in the wagon that they extended a short distance above the top of a triple wagon box. The wagon was of the ordinary narrow wheel farm type.

The plaintiff so placed himself on the coops that he was about the middle of the wagon, facing south toward the pavement along which the wagon was progressing. As they traveled plaintiff carried the flashlight (a part or all of the time, as one construes the evidence) lying on his lap at a distance about a foot from his knees, with the light turned rearward. There is some contradiction in the record as to just how this light was handled. While it may not be important to a determination of the case, it may be worthwhile to point out that, according to plaintiff's testimony, he pointed the light most of the time alongside the wagon box, over the rear wheel, so that its beam struck at a distance of from two to four rods behind the wagon, warranting the assumption, perhaps, that his purpose in so using the light was to determine the position of the wagon rather than to warn travelers approaching from the rear. A contrary view was indicated by one of plaintiff's witnesses, who said that he was ''playing it around''. The wagon was moving partly on the pavement and partly on the shoulder. Near the point of the accident the driver of the wagon was confronted by a mailbox, which necessitated his turning to the pavement in a southwesterly direction and then to the line of his former progress in a northwesterly direction. While making this turn the accident happened. Plaintiff and his property suffered damages for which he sues.

There was on or about the wagon of the plaintiff no ''white or tinted lights or red reflector or reflectors on said vehicle'', as required by Code section 5045-d1. It follows, therefore, that the determination of this case rests upon the question whether the use of the flashlight justifies plaintiff's failure to observe these provisions of the statute. Plaintiff, admitting failure on his part, seeks to excuse it in these words:

''It is a matter of common knowledge that in operating their farms, farmers have to drive out in the road to get from their buildings to certain parts of their farms; that in hauling out manure, in hauling in their loads of corn, etc., they have to drive from their buildings to other parts of their farm by means of the use of a portion of the highways, and it is unthinkable that it was the intention of the legislature to pass any law that would place an unnecessary hardship on the farmer in so using the highways.''

We are not impressed by this claim. The statute under consideration expresses the will of the people as announced by their chosen representatives, and we are persuaded that our previous expressions on cases of this character were sound and should not be modified. No question is made in the case with reference to the constitutional power of the legislature to pass this law, and we may not intrude our personal opinions as to its wisdom, nor mitigate the hardships and inconveniences plaintiff predicts will follow its enforcement.

Taking note of the uncertainty which had theretofore existed in the minds of the profession on the rules of the road in this regard, we said, in Lang v. Kollasch, 218 Iowa 391, at page 393, 255 N. W. 493, 495:

"There has been some confusion in our decisions as to the effect of the violation of the standard of care prescribed by statutes or ordinances in the operation of automobiles, but in the cases of Kisling v. Thierman, 214 Iowa 911, 915, 243 N. W. 552, 554, and Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, this confusion was explained and the rule announced that the failure to obey any of the provisions of the statutes or ordinances providing the manner and method of the use and operation of vehicles on the highways should be held to be negligence, and that statutes and ordinances governing the use and operation of vehicles on the public highways constitute a legislative prescription of a suitable precaution, or a fixing by law of the standard of care which is required in such use and operation, and that a failure to observe such standard of care must be held to be negligence. Under some circumstances, the defendant may offer excuse for his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, 'then it is accurate to say that negligence is established as a matter of law.' "

The parties to this action agree that failure to observe the requirements of the statute is negligence per se.

We do not overlook our holding in Schwind v. Gibson, 220 Iowa 377, at page 380, 260 N. W. 853, 855:

"A failure to comply with the foregoing statutes [secs. 5044, 5045, Code, 1931] is negligence per se, and a violation thereof would render a person liable for injuries resulting therefrom

unless he has shown a legal excuse for a failure to comply with such statutory requirements. Such a legal excuse has been held to be:

" '(1) Anything that would make it impossible to comply with the statute or ordinance. (2) Anything over which the driver has no control * * * (3) Where the driver * * * is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute. (4) Where a statute specifically provides an excuse or exception.' Kisling v. Thierman, 214 Iowa 911, 916, 243 N. W. 552, 554; Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151; Kadlec v. Johnson Construction Co., 217 Iowa 299, 252 N. W. 103; Peckinpaugh v. Engelke, 215 Iowa 1248, 247 N. W. 822.''

No legal excuse is apparent in this record. The plaintiff deliberately went onto the highway without having complied with the statute, and we are not disposed to make the convenience or inconvenience to an individual citizen or any class of citizens the test as to whether a law should or should not be observed.

Our views are stated better than this writer feels qualified to state them in Martin v. Herzog, 228 N. Y. 164, 126 N. E. 814, at pages 815, 816 (opinion by Mr. Justice Cardozo) :

"We think the unexcused omission of the statutory signals is more than some evidence of negligence. It *is* negligence in itself. Lights are intended for the guidance and protection of other travelers on the highway. Highway Law, sec. 329a. By the very terms of the hypothesis, to omit, willfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform. * * * Whether the omission of an absolute duty, not willfully or heedlessly, but through unavoidable accident, is also to be characterized as negligence, is a question of nomenclature into which we need not enter, for it does not touch the case before us. * * * In the case at hand, we have an instance of the admitted violation of a statute intended for the protection of travelers on the highway, of whom the defendant at the time was one. Yet the jurors were instructed in effect that they were at liberty in their discretion to treat the omission of lights either as innocent or as culpable. They were allowed to 'consider the default as lightly or gravely' as they

would (Thomas, J. in the court below). They might as well have been told that they could use a like discretion in holding a master at fault for the omission of a safety appliance prescribed by positive law for the protection of a workman. * * * Jurors have no dispensing power, by which they may relax the duty that one traveler on the highway owes under the statute to another. It is error to tell them that they have. The omission of these lights was a wrong, and, being wholly unexcused, was also a negligent wrong. No license should have been conceded to the triers of the facts to find it anything else. * * * A statute designed for the protection of human life is·not to be brushed aside as a form of words, its commands reduced to the level of cautions, and the duty to obey attenuated into an option to conform.''

To the same effect is Yahnke v. Lange, 168 Wis. 512, 170 N. W. 722.

In what has been said we have not overlooked the question of proximate cause, nor the contentions of the plaintiff that the statute required the defendant to keep his car under such control as would have permitted him to stop within the assured clear distance ahead. If the action had been brought by the driver of the car, different questions would have been presented.

The conclusions announced make it unnecessary that we should pass on the rather numerous complaints made by defendant against the rulings and instructions of the trial court.

It follows that we hold the court was in error in submitting the cause to the jury, and it is, therefore, reversed.—Reversed.

RICHARDS, C. J., and ANDERSON, PARSONS, STIGER, HAMILTON, DONEGAN, and KINTZINGER, JJ., concur.