ROBERT COBLE, by GENEVIEVE COBLE, his mother and next friend, Appellee, v. LLOYD McCHANE et al., Appellants.

No. 46001.

APRIL 6, 1943.

Mosier & Mosier, of Waterloo, for appellants.

John H. Meyers and Kildee & Kildee, of Waterloo, for appellee.

WENNERSTRUM, J.—June J. McChane, one of the defendants, was the owner of the car involved in a collision with plaintiff's bicycle, which collision occurred on the night of September 25, 1940, near an intersection of two streets in the city of Waterloo, Iowa. There is no denial that Lloyd McChane, the other

defendant, was driving the car at that time with the consent and approval of the owner. The plaintiff, at the time of the accident, was riding his bicycle and was approaching the intersection. The defendant was in the act of leaving an oil station, in the automobile in question, by way of a driveway that went into the street on which the plaintiff was riding his bicycle. The plaintiff was hit by the defendant's car as it entered the street. Plaintiff testified that he had a flashlight in his hand as he was riding the bicycle and that it was lighted as he proceeded along the street even with the driveway. He further testified that the light from the flashlight would show about four hundred feet. After the defendant left the oil station, he testified that he came to a complete stop just after he crossed the sidewalk but upon starting again he drove into the street without a further stop. The flashlight carried by the plaintiff was found after the accident, and it is shown that at that time it would properly light and had not been broken when dropped at the time of the collision.

The defendants filed a motion for a new trial and set out several claimed errors. The only errors which are presented to this court for our consideration are the following: (1) That the verdict is not sustained by sufficient evidence (2) that the plaintiff was guilty of contributory negligence as a matter of law in operating his bicycle on a public street in violation of law which required him to have his bicycle equipped with a lamp on the front which would disclose a white light visible from a distance of three hundred feet to the front.

I. The case was tried to the court, a jury having been waived. The consideration of the evidence by the court, sitting as a jury, cannot be reviewed by us as an appellate court. No motion for a directed verdict was made at the close of the plaintiff's evidence or at the close of all the evidence. However, if this had been a jury trial and a motion to direct a verdict had been made, it is our judgment that the evidence presented would have justified the court in submitting the case to a jury. Consequently we hold that there was sufficient evidence to warrant a verdict for the plaintiff unless he has failed to show his freedom from contributory negligence.

II. It is urged by defendants that the plaintiff was guilty of contributory negligence in that he was operating his bicycle in violation of law, inasmuch as he did not have it equipped with lights as provided by statute. It is admitted by the plaintiff that his flashlight was not attached to the bicycle, but he claims that the carrying of it, and the fact that it was lighted at the time of the collision, was such a substantial compliance with the statute as to relieve him of any charge that he was guilty of any negligence which contributed to the accident.

Section 5034.06 of the 1939 Code of Iowa provides as follows:

"Lamps on bicycles. Every bicycle shall be equipped with a lamp on the front exhibiting a white light, at the times specified in section 5033.04 visible from a distance of at least three hundred feet to the front and with a lamp on the rear exhibiting a red light visible from a distance of three hundred feet to the rear; except that a red reflector meeting the requirements of this chapter may be used in lieu of a rear light."

Did the failure of the plaintiff to have a light as particularly set forth in the statute contribute to the accident? We think that our inquiry must be answered by the statement that this is a fact question for the court, in this case, to pass on. In the case of Napier v. Patterson, 198 Iowa 257, 264, 196 N. W. 73, 76, this court, in commenting upon an action wherein an automobile had collided with a horse-drawn vehicle in which the plaintiff was riding, said:

"Contributory negligence of appellee and the driver of the buggy is urged by appellants, upon the ground that the violation of the ordinance, by failing to display the proper lights on the buggy, was one of the contributing causes to the accident, and also that the occupants of the buggy had ample time to have gotten out of the way, or to have given such warning to the driver of the automobile as would have prevented the collision, with the resulting injuries to appellee. * * *

"The mere fact, if such were admitted, that the owner of the vehicle was driving it upon the street in violation of an ordinance of the city which made it unlawful for him to be

upon said street without displaying a white light in the front and a red light in the rear thereof, is not sufficient to prevent recovery. It must further appear that his illegal conduct contributed to the accident, to have this effect. Causal connection between the illegal conduct of the driver of the buggy and the collision and resulting injuries must be shown, to bar recovery on the ground of contributory negligence." (Citing cases.)

This court further stated, in the case of Hansen v. Kemmish, 201 Iowa 1008, 1016, 208 N. W. 277, 280, 45 A. L. R. 498, as follows:

"But, if plaintiff was delinquent in this respect [as to lights], his negligence, in order to bar his right of recovery, must have contributed to his injury."

The question as to the contributory negligence of a plaintiff where there is conflicting evidence is for the jury to pass upon. In this particular case the court, sitting as a jury, had the right to decide this matter.

It is our conclusion that the question as to whether the failure of the plaintiff to have a light attached to his bicycle in the manner referred to in the statute contributed to the collision was a matter for the trial court to pass on and we will not interpose our judgment as to this fact question on appeal.

The plaintiff said he was carrying a lighted flashlight. The defendant said he did not see the light, and he further testified that he did not see the boy on the bicycle until he was just in front of him. The driveway around the oil station was lighted by a floodlight; the lights of the defendant's car were on. It is apparent that the defendant driver was negligent in his failure to see plaintiff and to stop and avoid a collision.

It is defendant's contention that the case of Kneppe v. Huismann, 223 Iowa 569, 570, 272 N. W. 602, 603, is controlling in the present case and that we should here hold, as we did in that case, that the failure to comply with the statute was negligence per se. In this last-cited case a plaintiff was driving a wagon on the highway, which wagon did not have "white or tinted lights or red reflector or reflectors on said vehicle," as required by statute [section 5045-d1, Code, 1935]. We there

held that no recovery could. be had by plaintiff because of his failure to comply with the statute as to reflectors on the wagon. We do not believe that this case is controlling in this present appeal. We hold that the question whether the failure to comply strictly with the statute contributed to the collision was one of fact for the trial court in this case, and on this appeal we will not interfere with its finding.

We therefore affirm.—Affirmed.

GARFIELD, C. J., and BLISS, MULRONEY, OLIVER, MANTZ, SMITH, and MILLER, JJ., concur.