REUBEN WEBER, appellant, v. RAY HANSEN, appellee.

No. 47692.

(Reported in 43 N.W.2d 766)

AUGUST 1, 1950.

F. J. McGreevy, of Ackley, for appellant.

Carroll H. Wild, of Allison, for appellee.

WENNERSTRUM, J.—Plaintiff, in an action at law, sought recovery of damages to his truck by reason of a collision between it and defendant's passenger automobile. The defendant filed a counterclaim. The cause was tried to the court. There were no claims for damages on the part of either party for personal injuries. The trial court held that both parties were guilty of negligence which contributed to the accident, denied any recovery by the plaintiff and also denied defendant's counterclaim. Judgment was entered against plaintiff in his action and against defendant on his counterclaim. The plaintiff filed a motion for new trial which was overruled. The defendant has not appealed from the judgment entered against him on his counterclaim. However, the plaintiff has appealed from the judgment entered against him and from the trial court's adverse ruling on his motion for a new trial.

There is no dispute in the evidence. The only issue is whether there is sufficient evidence to support the judgment entered by the trial court. The appellant claims that the decision is contrary to the evidence and the law.

The accident occurred on November 19, 1948, about 9:15 in the morning. The appellant was proceeding north on highway 65 in Franklin County. He was driving a gasoline truck used for making farm deliveries. There was a light rain falling at the time of the accident although prior thereto it had been raining harder. The evidence is undenied that immediately prior to the time of the collision the appellant had been driving his truck at a rate of speed of approximately thirty-five miles per hour. The appellee testified that he had been traveling approximately sixty miles an hour immediately prior to reaching the truck. The appellee first saw the gasoline truck when it was about a mile south of the place of the accident and it was within his view at all times until the time of the collision. To the south of the place of the accident there is a slight rise in the highway to the north on which there is a no-passing zone for northbound traffic. At the place of the accident there are two

farmhouses on opposite sides of the highway and the driveways to these farmhouses are directly opposite each other. These driveways are two hundred feet north of the north end of the no-passing zone. The record shows that when the appellant, the driver of the truck, was at the top of the rise and at the end of the no-passing zone the truck was approximately one hundred feet ahead of the appellee. At this point the driver of the truck began to slow down and this fact was indicated by the flashing on of stop lights on the rear of the truck. The left window of the cab of the truck was not open and it is undenied that the appellant did not give a hand signal. Upon the flashing of the stop signals on the truck, Hansen, the appellee, applied the brakes of his automobile. His testimony is that the brakes of the car grabbed or held as they were applied and as a result his car was pulled off the side of the pavement and onto the right shoulder. It left the pavement about one hundred feet south of the point of collision and continued north on the shoulder up to the driveway into which the appellant was turning. A collision of the two vehicles resulted and the front ends of each were damaged. It is shown that the truck was proceeding at the rate of about fifteen miles per hour as it moved into the driveway and was completely off the pavement at the time of the collision. Both vehicles were facing north off the paving, with the appellee's car farther to the right after the collision. Hansen had had his car, a new one, about four days. He had stopped at a stop sign approximately four and one-half miles south of the place of the accident. He testified that at this point the brakes functioned properly. Weber, the driver of the truck, testified that he had an outside mirror on the left-hand side and had looked into it and observed no car when he was one hundred to one hundred twenty feet back from the driveway into which he turned and where the collision occurred.

It is the contention of the appellant, the driver of the truck, that the trial court was in error in its holding that he was guilty of contributory negligence because of his failure to signal his intention to make a right turn before applying his brakes. It is his claim that the failure to give a hand signal in no way contributed to the accident inasmuch as the appellee was at all times immediately to the rear of the truck or to the right of it

as the brakes pulled it off to the shoulder. He maintains that the appellee would not have seen any hand signal if it had been given, and that this claimed contributory negligence of the appellant in no way was the contributing factor to the accident and collision.

Our statutes applicable to the facts in this case provide as follows: Signals must be given by the driver of a motor vehicle of an intention to turn from a direct course upon a highway by giving appropriate hand signals when any other vehicle may be affected by such movement. Sections 321.314, 321.317, 321.318, 1950 Code. A signal of intention to turn right or left is required to be given continuously during not less than the last one hundred feet traveled before turning. Section 321.315, 1950 Code. The statute further provides that the driver shall not stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal to the driver of any vehicle immediately to the rear when there is an opportunity to give such signal. Section 321.316, 1950 Code.

I. The failure of the appellant to comply with a requirement of the statute as to the giving of a hand signal constitutes negligence per se except as hereinafter noted. Kneppe v. Huismann, 223 Iowa 569, 571, 272 N.W. 602. In Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, 554, we qualified the violation of a statute as being negligence where there is a legal excuse and held such excuse to be: "1. Anything that would make it impossible to comply with the statute or ordinance. 2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance. 3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute. 4. Where a statute specifically provides an excuse or exception."

There is no excuse shown in the instant case.

In the case of Clark v. Weathers, 178 Iowa 97, 159 N.W. 585, the facts therein set forth show that the driver of an automobile stopped at the end of a bridge in order to permit two teams approaching on the bridge to leave it. The driver of this automobile gave no signal of his intention to stop. The defendant, the driver of a car immediately following, drove

into the rear of the stopped car. It was therein held as a matter of law that the driver of the first car was guilty of contributory negligence by reason of his failure to give a hand signal of his intention to stop. A directed verdict against the plaintiff, owner of the front car, was affirmed.

Although the facts are not entirely similar to those in the instant case, our comments in Isaacs v. Bruce, 218 Iowa 759, 764, 254 N.W. 57, 59, are here applicable. We therein stated:

"Obviously the statute under consideration relating to the duty of the driver of the forward car to signal his intention to stop was enacted for the purpose of protecting the approaching driver who, first having seen the forward car, adjusted the speed of, or otherwise regulated, his own car accordingly. A driver of the car behind who has thus adjusted the speed of, or otherwise regulated, his own car to the speed of the forward car might be trapped into a dangerous situation if the driver of the forward car, without signaling his intention of so doing, should suddenly bring his car to a stop. It is to avoid an emergency that might thus arise that the statute requires the driver of the forward car to signal to the driver of the oncoming car that there is to be a stop."

II. Was the failure of the appellant to give a hand signal as provided by statute a contributing or causal factor to the collision? We think a jury could have so found. All the appellant-truck driver did was to indicate by his rear lights that he was slowing up the speed of his vehicle. If the appellant had indicated by a hand signal that he was going to turn right the driver of the automobile, the appellee, could have driven to the left and passed the truck. However, the appellant gave no such signal. The trial court very aptly presented the situation in its written opinion when it stated:

"In the absence of a signal, the driver of the car behind has no means of knowing whether the turn is to be to the left or to the right, and under such circumstances an attempt to pass to the left might have been exceedingly dangerous and under such circumstances, the only safe course is to stop, if possible."

In the case of Carlson v. Meusberger, 200 Iowa 65, 72, 204 N.W. 432, 435, in commenting on whether the failure to give a signal was the proximate cause of an accident and whether this issue was properly submitted to the jury we said:

"Whether a given act of negligence was a proximate cause of an injury is ordinarily a question for the jury. Especially must this be so when there is testimony from which the jury might find that the injury would have occurred although there had been no negligence in the given respect. Except in cases where the facts are clear and undisputed, and the cause and effect so apparent to every candid mind that but one conclusion may fairly be drawn, the question of contributory negligence is for the jury. Fitter v. Iowa Tel. Co., 143 Iowa 689; McSpadden v. Axmear, 191 Iowa 547."

To the same effect is our holding in Wheeler v. Peterson, 213 Iowa 1239, 1242, 1243, 240 N.W. 683; Lang v. Kollasch, 218 Iowa 391, 394, 255 N.W. 493. The case of Banghart v. Meredith, 229 Iowa 608, 612, 294 N.W. 918, cited by appellant, is not applicable to the facts in the instant case. We hold it was for the court, acting as a jury, in this case, to determine whether the failure of the appellant to give a hand signal was a causal or contributing factor to the collision. The holding in the case of Janvrin v. Broe, 239 Iowa 977, 987, 33 N.W.2d 427, 433, likewise is not applicable to the facts in the present case.

III. The instant case was tried to the court and its findings have the same force and effect as a verdict of a jury. Hockert v. New York Life Ins. Co., 224 Iowa 789, 276 N.W. 422; Crouse v. Cadwell Transfer & Stor. Co., 226 Iowa 1083, 285 N.W. 623.

The findings of a trial court, which has heard a law case without a jury, cannot be disturbed on appeal unless there is lack of evidence to support them. In the case here before us for review there is undenied evidence to support the trial court's findings and conclusion.

We therefore affirm.—Affirmed.

All JUSTICES concur.