Fred Cunningham, appellant, v. Iowa-Illinois Gas & Electric Company, appellee.

No. 48127.

(Reported in 55 N.W.2d 552)

November 11, 1952.

**1378**

Frank H. Lounsberry, of Nevada, and T. J. Mahoney and Robert E. Mahoney, both of Boone, for appellant.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, for appellee.

WENNERSTRUM, J.—The original proceeding from which this appeal has developed involved the condemnation of an easement across the farm of the plaintiff. The defendant-company sought the right to construct an electric power transmission line over plaintiff's land and to erect the necessary poles, structures and other equipment for the maintenance of the line. Sections 489.14, 489.16, 1946(1950) Code.

The sheriff's condemnation jury awarded the plaintiff compensatory damages and the defendant-company deposited the amount of the award with the sheriff of Polk County. Sections 472.4, 472.14, 472.25, 1946(1950) Code. The landowner appealed to the district court and sought an increased award of damages. Section 472.18, 1946(1950) Code. Thereafter the company took possession of the easement condemned and constructed the transmission line across plaintiff's land. Section 472.25, 1946(1950) Code. At a later time negotiations were entered into between the counsel representing the plaintiff and the defendant relative to a settlement of the litigation in controversy. It is claimed by the defendant-company that pursuant to these negotiations a settlement was entered into by the attorney then representing the plaintiff and under his authorization. This claimed settlement was pleaded in a separate division of an answer filed by the defendant in the appeal in the condemnation matter. The particular issue pertaining to the claimed settlement was submitted to the trial court in a separate trial under the provisions of rule 186, R. C. P. This rule provides a separate trial of an issue of fact may be ordered by the trial court if it will be more convenient to settle a particular issue separately or if prejudice will be avoided. In the instant case the issue of fact

pertained to the authority of plaintiff's original attorney to make a settlement and the sufficiency and extent of the claimed settlement. This issue was submitted to the trial court for decision without a jury. It held that a valid settlement had been entered into and that the offer and authorization made by the plaintiff and the acceptance by the company constituted a completed contract. It also held that by virtue of its holding judgment for the original amount of the condemnation plus the increased amount agreed upon in the settlement should be entered against the defendant. The plaintiff has appealed from the ruling and judgment entered.

The appellee, Iowa-Illinois Gas & Electric Company, originally instituted proceedings to condemn a right or easement over and above a strip of land 100 feet wide through a portion of appellant's 140-acre farm. The sheriff's condemnation commissioners made an award of damages in the amount of $1060. The appellant appealed to the district court and claimed damages in the total sum of $15,000. The attorney then representing him later had some negotiations relative to the settlement of the appeal in the condemnation matter with the counsel then representing the appellee. In March 1951 appellant's and appellee's counsels had a conference pertaining to a possible settlement of the condemnation appeal and at which time appellee's counsel was asked by appellant's counsel what he would set as a top figure. It appears that appellee's counsel informed appellant's representative that he did not want to make a proposition unless the attorney had authority to settle, but finally did make a tentative offer of an amount over what had been awarded by the condemnation jury and which amount would include settlement of the damages to the property during the construction period. It is shown that the appellant was called to the office of his attorney and was informed of the tentative offer and at that time the appellant signed an authorization of settlement.

An exhibit which evidenced the claimed authority to settle was offered in evidence. This exhibit was not the original of the instrument but was a carbon copy. It is shown that the signed instrument was left originally with the appellant's attorney. This exhibit is as follows:

1380

"March 23, 1951

"I, Fred Cunningham, hereby authorize T. H. Haynes, my attorney, to settle the case of Fred Cunningham vs Iowa-Illinois Gas & Electric Company and to release the said Iowa-Illinois Gas & Electric Company for damage done crops while erecting a power line for the settlement of $1700.00.

"_____"

Original signed.

Thereafter the appellant demanded the entire files from his attorney and took with him the signed copy of the authorization. It is shown that after the signing of the original instrument the appellant's counsel talked with the counsel then representing the appellee and informed him that he had written authority to settle for $1700 and the appellee's counsel then stated that he would submit the offer to the company. Written releases were then prepared and were submitted to the attorney representing the appellant, and the appellant himself then came to his attorney's office. It is shown that at that time he indicated a dissatisfaction with the papers submitted and stated that the proposed settlement was not for a sufficient amount. It is also shown that appellee's counsel had previously insisted on the signature of the appellant on the releases submitted. Checks for the amount provided for in the contemplated settlement were obtained from the company. However, the appellant declined to personally execute the releases and has since declined to carry out the agreement of compromise. The original attorney for the appellant, T. H. Haynes, subsequently withdrew from the case. On the trial of the issues relative to the proposed settlement the only witnesses were T. H. Haynes, John Gamble, an attorney who represented the appellee during the negotiations, and the appellant himself.

I. The original appeal proceeding in the district court from the sheriff's condemnation commission award is a law action. Myers v. Chicago & N. W. Ry. Co., 118 Iowa 312, 316, 91 N.W. 1076. A jury trial had been originally ordered in the present case. In connection with the separate fact issue pertaining to the question of the settlement the trial was had before the court without a jury. Although a separate request for a

jury trial was undoubtedly not necessary, yet both parties were apparently agreeable to having the trial court determine the fact issues presented. As this is a law action the decision of the trial court has the effect of a jury verdict. Pederson v. Stevens, 241 Iowa 892, 894, 43 N.W.2d 743; Weber v. Hansen, 241 Iowa 904, 909, 43 N.W.2d 766. We are not in a position to determine this appeal de novo. We are limited to a review of the claimed errors.

II. It is the appellant's contention that the trial court was in error in admitting evidence relative to the alleged contract of settlement and in holding that the contract was not within the statute of frauds. The holding of the trial court is supported by the statement in 37 C. J. S., Frauds, Statute of, section 127, page 619, as follows: "As a rule contracts concerning the conduct or disposition of legal proceedings involving title to realty or an interest therein are not within the statute."

It should be kept in mind that the question of the title and transfer of the easement right to the real estate involved was disposed of by the condemnation proceeding. The condemner had taken possession of this easement right as provided by statute. The appeal to the district court involved only the question of the amount of damages. The matter presented to the trial court for decision was whether there had been a settlement of the claim for damages. The testimony concerning this claimed settlement in no way involved the real estate condemned. The trial court was correct in admitting and considering the evidence offered concerning the claimed settlement.

III. A further asserted ground for reversal is that the evidence is insufficient to authorize the court to grant specific performance. In the appellee's separate division of its answer to which we have referred, it asked that the contract of settlement be specifically enforced by the court. The trial court held in its findings of fact that: (1) The authorization of settlement, the exhibit heretofore set forth, authorized appellant's attorney to settle the case in accordance with its terms; (2) this offer was accepted by the appellee-corporation within a day or two after being advised of the authorization and before it was withdrawn; (3) the offer and its acceptance constituted a completed con-

tract; and (4) the signing and filing of the releases pertaining to the dismissal of the appeal of the condemnation action was only a formality.

From a review of the evidence presented it is our conclusion that if there had been a jury the evidence would have justified the trial court in submitting the questions presented by the pleadings and the evidence to a jury for its determination. Coble v. McChane, 233 Iowa 54, 55, 8 N.W.2d 755. The testimony of both Mr. Haynes and Mr. Gamble disclosed ample evidence of the offer of settlement and its acceptance before the withdrawal of the offer by the appellant. At least it was for the trial court, sitting as a jury, to determine this fact question. Its finding was adverse to the contentions of the appellant. As an appellate court we are in no position to question the trial court's determination of this fact question any more than we could question the findings of a jury if the same question had been submitted to it.

IV. In the case of Tallmon v. Tallmon, 166 Iowa 370, 378, 379, 147 N.W. 746, this court gave consideration to a settlement made by attorneys representing one of the parties. The authorization of settlement was very similar to the one given in this case. We held the settlement made by virtue of the authorization was binding. See also annotations relative to special authority to compromise, 66 A. L. R. 121, 122.

For the reasons previously set forth we hold that the trial court was correct in its ruling that specific performance of the contract of settlement should be required and that judgment for the amount so agreed upon should be entered. We affirm.— Affirmed.

All JUSTICES concur.