**Larry HOUSEHOLDER and Hartford Accident and Indemnity Insurance Co., Appellants,**

**v.**

**TOWN OF CLAYTON, Iowa, Appellee.**

No. 56229.

Supreme Court of Iowa.

Aug. 28, 1974.

Winkel, Nitchals & Winkel, Algona, for appellants.

Fuerste & Carew, Dubuque, for appellee.

Heard by REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

REES, Justice.

This is an appeal by the plaintiff Householder, a trucker, and his cargo insurer, from the order of trial court sustaining the motion of the defendant Town of Clayton for judgment notwithstanding the verdict. Plaintiffs instituted the action for damages and injuries arising out of the accident which allegedly resulted from the failure of defendant Town of Clayton to place warning signs on the hill leading into town indicating the road ended in a "T" intersection. The jury returned a verdict for plaintiff in the sum of $8000 which both parties to this appeal concede is considerably less than the special damages which plaintiff allegedly incurred. Following the jury verdict, plaintiffs moved for a new trial on the issue of damages alone, or alternatively for a complete new trial because the damages were inadequate. Both of plaintiffs' motions were overruled. Trial court then sustained defendant's motion for judgment notwithstanding verdict on the grounds that (1) plaintiffs had failed to prove any negligence of defendant was the proximate cause of the accident, and (2) as a matter of law the contributory negligence of the driver was a proximate cause of the accident.

At about 3:30 a. m. on August 21, 1970 the trucker Householder was delivering a semi-truck load of corn to an elevator at Clayton which is situated on the banks of the Mississippi, and access to which is by a paved highway designated as County Road C–17 west of Clayton, which highway runs north and south before turning approximately one-half mile from the corporate limits of Clayton to follow a curved but direct easterly course down a steep hill of 1.1 or 1.2 miles through the Town of Clayton to where it intersects with Front Street. Highway C–17 is also the main street in Clayton, and ends at Front Street which runs northerly and southerly

through the town. The record indicates the distance from the east edge of Front Street to the edge of the Mississippi River is 225 feet. Immediately east of the pavement is an earthen dike three or four feet high and eight feet wide, and between the dike and the river are two sets of railroad tracks. East of the tracks is an expanse of beach which runs to the water's edge.

Householder, proceeding southerly on highway C–17, stopped at the corner where the highway turns sharply to the left and begins its descent down the hill into the Town of Clayton, at which point he observed the sign which read "HILL, TRUCKS USE LOW GEAR". He also there observed a sign indicating a curve to the left and bearing the legend "35 MPH". Householder's truck was equipped with 15 transmission and rear-end gears, and when he made the turn and began his descent down the hill he had the vehicle in the fourth lowest of the 15 gears, in which gear the vehicle had a maximum speed of from five to seven miles per hour. After making the turn and beginning his descent down the hill, Householder shifted from fourth gear through the range of gears until he reached tenth gear and kept the truck in said gear the rest of the way down the hill to the point where the accident occurred. In tenth gear the vehicle had a maximum speed of 25 miles per hour.

After passing through the left-hand curve above referred to, Householder testified he saw another sign indicating a right curve which he negotiated and proceeded through a less abrupt second left-hand curve, at which point he observed the sign designating a speed limit of 25 miles per hour. He next observed a diamond-shaped sign with the legend "SLOW" several hundred feet from the river, but he failed to slow his vehicle by down shifting or applying his brakes and maintained his then speed of 25 miles per hour down the hill. Further on, he observed a second diamond-shaped sign with the word "SLOW", but again did nothing to reduce his speed

as he went past the sign. In addition to the "SLOW" signs there were three signs reading "REMAIN IN LOW GEAR", the first located six-tenths of a mile from the top of the hill, a second located eight-tenths of a mile, and a third nine-tenths of a mile from the top of the hill.

Householder saw the dike which loomed ahead of him and then, realizing that the road made an abrupt turn, and that he was going too fast to stop or to make the turn with safety, he opened the door of the cab and jumped out, landing on the westerly side of the dike above referred to, sustaining two broken bones in his left ankle and a dislocated shoulder.

The sheriff of Clayton County investigated the accident and found no skidmarks or other evidence of the vehicle's brakes having been applied on the pavement, and found indications that the truck proceeded over the dike and was airborne for a distance of about 22 feet on the easterly side of the dike before it apparently touched the ground on the beach east of the railroad tracks and proceeded into the river.

The undisputed facts indicate the minimum out-of-pocket loss to Householder was the amount of $9805.22; that he had suffered the injuries above mentioned and lost two and one-half months of work. As mentioned above, the verdict of the jury in favor of plaintiffs was in the amount of $8000.

The issues stated by plaintiffs for review are:

(1) Trial court erred in sustaining defendant's motion for judgment notwithstanding verdict.

(2) Trial court erred in overruling plaintiffs' motion for a new trial because of the inadequacy of the verdict.

(3) Trial court erred in not granting a new trial on the issue of damages only.

The only negligence specified by plaintiffs against the defendant Town of Clayton was that the Town was negligent in failing to warn travelers of the dead-end

street and the right-angle turn at the bottom of Clayton Hill.

The motion of defendant Town of Clayton for judgment notwithstanding verdict was based upon three grounds:

(1) Plaintiffs failed to prove any violation of their single pleaded specification of negligence in that the evidence viewed in the light most favorable to plaintiffs failed to show any breach of duty owed by the Town of Clayton to plaintiffs within the purview of such specified negligence.

(2) Plaintiffs failed to prove that any violation of plaintiffs' single pleaded specification of negligence was, or could have been, proximately causal as to plaintiffs' damages in that the evidence viewed in the light most favorable to plaintiffs showed and established as a matter of law that even if such a duty existed and was violated it was not the proximate cause of the accident for that the plaintiff Householder's own testimony showed his complete lack of control and willed decision to be in a state of lack of control or inability to stop.

(3) The evidence showed as a matter of law that plaintiff Householder, and through him his co-defendant insurance company, were guilty of proximately causal contributory negligence as a matter of law in that Householder had put his vehicle into a state of gear and speed which made it impossible for him to control or stop same at any time material to the happening of the accident.

The motion of the defendant for judgment notwithstanding the verdict was sustained by trial court on the latter two grounds. From such ruling and the court's overruling plaintiffs' motions for new trial this appeal was taken.

I. However stated, the trial court's ruling on defendant's motion for judgment notwithstanding the verdict was based on a finding by the trial court that plaintiff Householder was guilty of contributory negligence as a matter of law.

"Generally questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law." Rule 344(f)(10), Rules of Civil Procedure; Meade v. Roller, 212 N.W.2d 426, 429 (Iowa 1973); Kaus v. Scott, 174 N.W.2d 446, 448 (Iowa 1970); Naxera v. Wathan, 159 N.W.2d 513, 521 (Iowa 1968); Clubb v. Osborn, 256 Iowa 1154, 1160–1161, 130 N.W.2d 648, 652.

"Exceptional cases" in which a trial court is justified in finding contributory negligence as a matter of law have been said to exist where:

" * * * (a) person is so careless or his conduct so violative of all rational standards of conduct applicable to persons in a like situation. * * * " Mangan v. Des Moines City R. Co., 200 Iowa 597, 605, 203 N.W. 705, 709.

" * * * (t)he facts are clear and undisputed, and the cause and effect so apparent to every candid mind that but one conclusion may be fairly drawn * * *." Weber v. Hansen, 241 Iowa 904, 909, 43 N.W.2d 766, 769.

" * * * (t)he lack of reasonable care is so manifest, flagrant, palpable, that reasonable minds may fairly reach no other conclusion * * *." Helland v. Yellow Freight System, Inc., 204 N.W.2d 601, 606 (Iowa 1973); Leinen v. Boettger, 241 Iowa 910, 926, 44 N.W.2d 73, 82.

We are therefore primarily concerned with the question as to whether we have here an "exceptional" case justifying the trial court in its finding and conclusion the plaintiff was guilty of contributory negligence as a matter of law. In sustaining the defendant's motion for judgment notwithstanding the verdict, trial court expressly predicated its decision that plaintiff-driver was contributorily negligent as a matter of law on its finding that he approached the scene of the accident on a dark night in a strange town, without knowledge of the road before him, that he was traveling at an excessive speed under the circumstances as is manifested by the distance and course the truck traversed after he leaped from it, and finally, that at

the time of the accident he had been operating his truck for "an undue period of time, which seriously impeded his lookout and control." The latter element was not expressly asserted by defendant as a ground in its motion for judgment notwithstanding the verdict.

It might arguably be contended the record contains evidence supporting each of the factors to which the trial court referred in its ruling. By his own admission plaintiff-driver was not familiar with his course, the night was dark, and Clayton was a strange town. It is clear from the record that immediately prior to the accident he had been on the road for a period of time in excess of the maximum number of hours set by the Interstate Commerce Commission and the State of Iowa. It might further be argued the evidence permits a conclusion plaintiff was traveling at an unsafe speed down the "Clayton Hill" in light of his admissions that he went down the hill in a relatively high gear and that he did not shift downward in his gear range as the truck gathered momentum.

The foregoing, however, does not resolve the case before us here, and in our judgment did not justify trial court in finding plaintiff-driver was negligent as a matter of law unless we are able to conclude the factors relied upon by the trial court established plaintiff's lack of care was so manifest, flagrant, and palpable that reasonable minds might have reached no other conclusion than that he was contributorily negligent. See Helland v. Yellow Freight System, Inc., *supra*; Leinen v. Boettger, *supra*.

■ Plaintiff-driver's lack of familiarity with his route, and the manner in which he was operating his vehicle thereon might arguably permit an inference of lack of due care, and the same might be said for his admissions he was in violation of the Interstate Commerce Commission and Iowa Commerce Commission regulations regarding the maximum hours for the operation of his truck. We cannot, however, conclude such factors evidence such a manifest, flagrant and palpable lack of due care as to compel the conclusion Householder was contributorily negligent as a matter of law. While the record lends some support to the court's finding plaintiff Householder was traveling at an excessive speed down the hill, there is also evidence suggesting he was complying with the posted speed limits, and it can, therefore in our judgment, not be fairly said that reasonable minds could reach no other conclusion but that he was speeding and therefore contributorily negligent.

■ The factors which the trial court considered and relied on in sustaining defendant's motion for judgment notwithstanding the verdict might permit an inference Householder was contributorily negligent; however, the evidence must be considered in the light most favorable to the plaintiff, and such factors do not so strongly militate against the plaintiff as to compel the conclusion that he was contributorily negligent as a matter of law. See Berhow v. Kroack, 195 N.W.2d 379, 382 (Iowa 1972); Dobson v. Jewell, 189 N.W. 2d 547, 550 (Iowa 1971). Such factors fail to show a lack of reasonable care so manifest, flagrant and palpable that reasonable minds could reach no other conclusion than that Householder was so contributorily negligent, and we conclude, therefore, the case is not so exceptional as to have justified the trial court in sustaining the motion for judgment notwithstanding the verdict based upon a finding that Householder was contributorily negligent as a matter of law. The trial court's order sustaining defendant's motion for judgment notwithstanding the verdict must be reversed.

II. Plaintiffs' motion for new trial was predicated on the ground the award of the jury was inadequate.

■ The inadequacy of damages may be cause for setting aside a jury verdict and granting a new trial in a proper case. Rule 244(d), R.C.P.; Schmatt v. Arenz, 176 N.W.2d 771 (Iowa 1970); Feldhahn v. Van Deventer, 253 Iowa 1194, 115 N.W.2d 862.

■ The trial court has considerable discretion in ruling on a motion for new trial on the ground of the inadequacy of a verdict. Whether damages are so inadequate as to warrant a new trial is usually left for the trial court to decide, and its discretion in granting or refusing to grant a new trial will not ordinarily be disturbed on appeal unless an abuse of discretion is shown. Rule 344(f)(3), R.C.P.; Schall v. Lorenzen, 166 N.W.2d 795 (Iowa 1969); Gilbert v. Kinnaird, 229 Iowa 141, 294 N.W. 272; Herrman v. O'Connor, 209 Iowa 1277, 227 N.W. 584; Strayer v. O'Keefe, 202 Iowa 643, 210 N.W. 761.

■ The question as to whether damages awarded in a given case are inadequate must be determined on the peculiar facts of that case. 25A C.J.S. Damages § 196, p. 267. The comparison of damages awarded in a given case with awards of damages in other cases is not a satisfactory procedure for determining adequacy. Wagaman v. Ryan, 258 Iowa 1352, 1364, 142 N.W.2d 413, 420; Jettre v. Healy, 245 Iowa 294, 302, 60 N.W.2d 541, 546.

■ Courts have devised various tests for determining adequacy in the usual case. Generally, damages should be commensurate with the injury, and be sufficient to right the wrong done to the injured party. Boyle v. Bornholtz, 224 Iowa 90, 93, 275 N.W. 479, 482.

■ The test of adequacy is for the court to determine what will fairly and reasonably compensate an injured party for the injury sustained. 25A C.J.S. Damages, *supra.* Several jurisdictions follow the rule that a verdict will be set aside as inadequate where it appears clearly from uncontradicted evidence that the amount of the verdict bears no reasonable relationship to the loss suffered by the plaintiff. Thompson v. Ft. Branch, 204 Ind. 152, 178 N.E. 440, 444; Sherer v. Smith, 85 Ohio App. 317, 88 N.E.2d 426, 428–429. At least one jurisdiction [Minnesota] holds that all compromise verdicts are inadequate if they are for less than the minimum amount returnable for the plaintiff under the evidence. Thiesen v. Hellermann, 242 Minn. 218, 64 N.W.2d 762, 765.

In the matter before us the plaintiff-driver suffered damages to his truck, his trailer and his cargo, and incurred medical expenses, which altogether resulted in the proof of special damages of $9805.22. In addition thereto he suffered two broken bones, a separated shoulder and other injuries, requiring several weeks' hospitalization and two and a half months' convalescence. In the face of the proof of such special damages, the jury award was in the amount of $8000.

■ It is logical to conclude that the jury's award resulted from the jurors' misapprehending their duty or compromising the question of plaintiff-driver's liability. Whatever impelled the return of the verdict of $8000, the award is for less than the plaintiff's undisputed special damages, and obviously is not commensurate with his injury and bears no reasonable relationship to his loss. It is apparent the damages awarded were inadequate under all of the prevailing tests for adequacy, and therefore, the trial court erred in overruling plaintiffs' motion for a new trial. Such error necessitates reversal.

III. As noted above, plaintiffs' motion for a new trial was in the alternative: (a) he sought first a new trial on the issue of damages only, or (b) alternatively, a new trial on all of the issues.

■ As a general rule, new trials will be granted as to the whole case and on all of the issues, and seldom on the issue of damages only, except where liability of a defendant is definitely established. Myers v. Vosmek, 261 Iowa 1324, 1327, 157 N.W.2d 925, 926; Allbee v. Berry, 254 Iowa 712, 719, 119 N.W.2d 230, 234. Where it appears from the jury award there was a compromise on liability a new trial should be granted on all of the issues. In *Allbee, supra,* plaintiff incurred special damages of $821.40, and in addition suffered a fractured jaw, a broken collarbone and other injuries, and the award of the jury was for the amount of the special

damages only. The award was found to be inadequate by the court, and a new trial granted on all of the issues, in view of the fact the verdict appeared to be the result of a liability compromise.

The general rule in this regard is stated at 66 C.J.S. New Trial § 11(5), p. 98:

"A new trial should never be ordered on the question of damages alone when there is ground for a strong suspicion or inference that the jury awarded the excessive or inadequate damages to plaintiff as a result of a compromise involving the question of liability * * *."

So, in the matter before us here, the fact there was a conflict of evidence in the record as to the issue of liability, and the jury's verdict bore no relationship to the injuries sustained by the plaintiff-driver and the property loss to plaintiff-driver and his cargo insurer raises such strong suspicion or inference that the award of the jury was the result of a compromise involving the question of liability.

The order of the trial court overruling plaintiffs' motion for a new trial is reversed and this case is remanded for a new trial on all of the issues in the case.

Reversed and remanded.