THE CITY OF FORT DODGE v. MOORE.

1. **Replevin:** DESCRIPTION OF PROPERTY. A description of property in a petition of replevin, which would pass the title in a chattel mortgage, is sufficient.

2. **Municipal corporation:** EXEMPTION FROM EXECUTION. Property of a corporation necessary to be used in carrying out the general purpose of its organization, is exempt from taxation.

*Appeal from Webster Circuit Court.*

WEDNESDAY, OCTOBER 22.

REPLEVIN for personal property described in the petition as follows :

" Three piles of hard wood lumber lying on Plumb street north of block No. 7 in Carpenter, Morrison & Vincent's addition to Fort Dodge, estimated as containing 3,000 feet in the aggregate, more or less, and of the value of $25 per thousand feet; one pole scraper of the value of $20, two common scrapers of the value of $5 each, one plow of the value of $10, one keg of spikes of the value of $6, one cable chain of the value of 85, one sledge-hammer of the value of $2, one axe of the value of $1, one hand axe of the value of $1.50, eight shovels of the value of $1.25 each, three picks of the value of $1.50 each, one adze of the value of $3, one bucksaw of the value of $1, one chalk-line of the value of fifty cents; all of said property being in the possession of the defendant as sheriff aforesaid."

The cause of detention of the property, as alleged, is that defendant seized and holds the same upon an execution issued upon a judgment against plaintiff, and it is averred that the property is exempt from execution " being necessary and proper for carrying out the general purposes for which plaintiff is organized as a municipal corporation."

The defendant demurred to the petition upon the grounds : 1. That the property is not specifically described. 2. That the petition does not state facts which show that the property is exempt from execution. The demurrer was overruled and defendant appeals.

*Theo. Hawley* for the appellant.

*A. J. Reilly* for the appellee.

Davies v. Beadle.

Beck, Ch. J. — I. The demurrer was properly overruled. The property is designated by the enumeration of the different articles, and further by the averment that it is in defendant's possession. Such a description would be good in a chattel mortgage. *Smith, etc.,* v. *McLean,* 24 Iowa, 322. If title could be passed by such a description it would certainly be good in an action to recover possession of the property.

II. Public property of a municipal corporation " which is necessary to and proper for carrying out the general purpose for which such corporation is organized, is exempt from execution." Rev. § 3274. The petition alleges the facts upon which the exemption is claimed in the precise language of the statute. The allegation is therefore sufficient. But it is claimed that there is no allegation that the chattels described are *public* property. It is averred that they are the property of the municipal corporation and necessary and proper for its use in carrying out its general purposes. This is a sufficient allegation as to the *public* character of the property to distinguish it from such other property which the corporation may have owned for purposes not connected with the public service, such as may have been held for profit and the like and not for use in the discharge of municipal duties. No other points were made in the argument.

Affirmed.