504 N.W.2d 888 (1993)
DES MOINES METROPOLITAN AREA SOLID WASTE AGENCY, South Central Iowa Landfill Agency, Benton County Solid Waste Disposal Commission, Solid Waste Management Commission of Marshall County, Muscatine Solid Waste Management Agency, Ottumwa-Wapello County Solid Waste Commission, Butler County Solid Waste Commission, Cerro Gordo Area Solid Waste Agency, Northwest Iowa Area Solid Waste Agency, Jackson County Sanitary Disposal Agency, Clinton County Area Solid Waste Agency, Kossuth County Landfill, Lee County Solid Waste Management Commission, Carroll County Solid Waste Management Commission, Dubuque Metropolitan Solid Waste Agency, Muscatine County Solid Waste Management Agency, Boone County, and Scott Area Solid Waste Management Agency, Appellants,
v.
Terry E. BRANSTAD, Governor of the State of Iowa, Gretchen Tegeler, Interim Director of the Department of Management, Gerald D. Bair, Director of the Department of Revenue and Finance, Appellees.
No. 92-1289.
Supreme Court of Iowa.
August 25, 1993.
*889 James E. Brick and Mark R. Schuling of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellants.
Bonnie J. Campbell, Atty. Gen., Elizabeth M. Osenbaugh, Deputy Atty. Gen., and Julie F. Pottorff, Sp. Asst. Atty. Gen., for appellees.
Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.
SCHULTZ, Justice.
Plaintiffs, solid waste agencies and commissions created pursuant to Iowa Code chapter 28E[1], commenced a declaratory judgment action against defendants, Governor Terry E. Branstad, Gretchen Tegeler, Interim Director of the Department of Management, and Gerald D. Bair, Director of the Department of Revenue and Finance. Plaintiffs alleged that legislation allowing the transfer of money from a groundwater fund to the State's general fund was illegal. The district court sustained defendants' motion for summary judgment, finding that plaintiffs lacked standing and that the legislature had the power and authority to transfer the funds. We affirm.
In May 1991, Governor Branstad approved Senate File 532. Section 904 of Senate File 532 provided in pertinent part:
Notwithstanding any provision of section 455E.11 or other provision of law, the unobligated and unencumbered monies on June 30, 1991, in the groundwater protection fund, created in section 455E.11, or any of the accounts, except the Oil Overcharge Account, in the groundwater protection fund, shall be transferred to the general fund of the State.
On June 30, 1991, monies from the groundwater protection fund were transferred to the State's general fund.
Plaintiffs assert that defendants had no authority to transfer the monies in the groundwater protection fund to the general fund. Defendants argue that plaintiffs, political subdivisions, do not have standing to challenge the transfer of funds. We need not and do not address the issue of standing.
The controversy between the parties arises from Iowa Code section 455E.11(1). Section 455E.11(1) provides in pertinent part:
A groundwater protection fund is created in the state treasury. Moneys received from sources designated for purposes related to groundwater monitoring and groundwater quality standards shall be deposited in the fund. Notwithstanding section 8.33, any unexpended balances in the groundwater protection fund and in any accounts within the groundwater protection fund at the end of each fiscal year shall be retained in the fund and the respective accounts within the fund.
Plaintiffs argue that the groundwater protection fund is a special fund[2] and that the legislature had no authority to transfer funds from it to the general fund. They argue the language of section 455E.11 restricts the use of the groundwater protection fund to environmental uses.
Defendants respond by urging that the legislature had authority to transfer the funds because the language of section 455E.11 does not specifically prohibit transfer. They also argue the transfer was within the legislature's authority because it did not violate a constitutional provision, a trust or contractual relationship.
The Michigan supreme court considered the identical issue of whether the legislature *890 can transfer special funds. Michigan Sheriffs' Ass'n v. Michigan Dep't of Treasury, 75 Mich.App. 516, 255 N.W.2d 666 (1977). In Michigan Sheriffs' Ass'n, the court held that the legislature's transfer of funds from the marine-water safety fund to the state waterways fund was valid. The court cited 81A C.J.S. States section 228 (1977):

Disposition of special funds. Where a special fund is created or set aside by statute for a particular purpose or use, it must be administered and expended in accordance with the statute, and may be applied only to the purpose for which it was created or set aside, and not diverted to any other purpose, or transferred from such authorized fund to any other fund. Various uses of a special fund have been held proper or improper.
The legislature has power, however, to transfer to another fund or appropriate to another purpose any surplus which may remain in a special fund after the accomplishment of the purpose for which it was established, and, in general, whether or not the purpose for which a special fund was created has been accomplished, such fund may be diverted by statute to another and different purpose as long as it remains subject to legislative control; but the legislature cannot authorize the diversion of a special fund where such diversion would conflict with a provision of the constitution controlling such fund, or would impair the obligation of a contract to constitute a breach of trust....
The court concluded that the first paragraph quoted above refers to executive-administrative actions whereas the second paragraph pertains to legislative action. The court stated:
A fund becomes "special" and immune from diversion by a subsequent legislative transfer only when the diversion would conflict with a constitutional provision or impair a contractual relationship....
Id. 255 N.W.2d at 672. We agree with the reasoning of the Michigan court.
We conclude that the legislature's transfer of the groundwater protection funds to the general fund was not in conflict with any constitutional provision and did not violate any contractual relationship. Consequently, we hold that the legislature had the authority to transfer these funds to the general fund. We affirm the district court's ruling.
AFFIRMED.
NOTES
[1] All references are to the 1991 Iowa Code.
[2] A special fund is defined in Iowa Code section 8.2(9) as "any and all government fees and other revenue receipts earmarked to finance a governmental agency to which no general fund appropriation is made by the state."