# IN THE SUPREME COURT OF IOWA

No. 14–2095

Filed January 29, 2016

**REGIONAL UTILITY SERVICE SYSTEMS,**

Appellee,

vs.

**CITY OF MOUNT UNION, IOWA,**

Appellant.

---

Appeal from the Iowa District Court for Henry County, John M. Wright, Judge.

A city appeals a district court order finding its bank account was not exempt from execution under Iowa Code section 627.18 (2013). **REVERSED AND REMANDED.**

Steven E. Ort of Bell, Ort & Liechty, New London, for appellant.

Lucas C. Helling and Vanessa M. Young of Foss, Kuiken & Cochran, P.C., Fairfield, for appellee.

**WIGGINS, Justice.**

A judgment creditor garnished a city's bank account when the city failed to pay a judgment. The city moved to quash the garnishment on the grounds the bank account was exempt from execution under Iowa Code section 627.18 (2013). The court denied the motion and found the bank account was not exempt. The city appeals. On appeal, we find the bank account was exempt from execution. Therefore, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

On June 18, 2014, the district court entered judgment for $27,862.10 against the City of Mount Union in a breach of contract action brought by the Regional Utility Service Systems Commission (RUSS). The basis of that judgment is not at issue in this appeal. On August 21, RUSS filed a praecipe directing the clerk of court to issue a writ of general execution against the City. On August 25, the clerk of court issued a writ of general execution commanding the county sheriff to levy on all bank accounts held by the City at Iowa State Bank in Mount Union. On September 1, the sheriff served the City with a notice indicating RUSS had garnished its bank account in the amount of $25,164.57. On September 3, the City filed a motion to quash the garnishment, claiming the garnished funds were exempt from execution under Iowa Code section 627.18. The district court heard evidence on the motion to quash and claim of exemption.

At the hearing before the district court, Mayor John Marek testified the garnished bank account was the only account the City had and therefore contained both general funds and special funds, administration

and expenditure of which is limited to specific purposes by law.[1]  He also testified at length about the means by which the City generates revenue and limitations on how the revenue it generates may be spent.  His testimony established the City collects only $17,000 to $18,000 per year in property tax revenues it may allocate as general funds.  Although the City collects additional property, sales, and road-use tax revenues, the law requires the City to designate those funds as special funds.  The City spends its general funds on garbage collection, landfill operation, building maintenance, vehicle maintenance, streetlight operation, elections, legal services, liability insurance, property insurance, fire and police services, and compensation for the mayor, members of the city council, a part-time clerk, a part-time maintenance person, and contractors.  Consequently, Mayor Marek testified the City's general funds were necessary for the City to fulfill the purposes for which it was incorporated and necessary for it to continue to pay its officials and provide basic services not paid for with special funds.  Additionally, Mayor Marek indicated that approximately $23,000 of the $25,000 in the bank account represented special funds and indicated the budget submitted by the City in support of its motion to quash the garnishment supported this conclusion.

During the hearing, the district court instructed the parties to submit briefs addressing what portion of the comingled funds in the bank account were special funds.  Relying on Mayor Marek's testimony

---

[1]Where a special fund is created or set aside by statute for a particular purpose or use, it must be administered and expended in accordance with the statute, and may be applied only to the purpose for which it was created or set aside, and not diverted to any other purpose, or transferred from such authorized fund to any other fund.

*Des Moines Metro. Area Solid Waste Agency v. Branstad*, 504 N.W.2d 888, 890 (Iowa 1993) (quoting 81A C.J.S. *States* § 228 (1977)).

and the budget submitted by the City, RUSS argued the account contained $6550 in special funds. The City argued the account contained only $1392 in general funds and submitted a supporting affidavit signed by Mayor Marek and an exhibit listing the sources of the remaining special funds.

The district court denied the motion to quash and the claim of exemption. In its order denying the motion, the court acknowledged the City depends on the money in its bank account to carry out the general purposes for which the City was organized. In addition, the court acknowledged a prior case in which we held public property other than buildings owned by a city to be exempt from execution. *See City of Fort Dodge v. Moore*, 37 Iowa 388, 388–90 (1873). However, the court found no caselaw directly supporting the argument that general funds held by a municipality may constitute public property exempt from execution under section 627.18. Thus, the court concluded the City stood in the same position as any other judgment debtor with nonexempt funds in a bank account and denied its motion to quash the garnishment of its general funds. Because the court found RUSS's argument with respect to the balance of special funds in the account to be more persuasive, the court found the garnished account contained only $6550 in special funds.

The City appeals the district court judgment denying its motion to quash the garnishment.

**II. Issues.**

We must first decide whether the general funds in the City's bank account constitute "other public property" within the meaning of section 627.18. If they do, we then must decide whether the general funds in

the City's bank account were "necessary and proper for carrying out the general purpose" for which the City was organized.

### III. Scope of Review.

We review questions of statutory construction for correction of errors at law. *Postell v. Am. Family Mut. Ins. Co.,* 823 N.W.2d 35, 41 (Iowa 2012). A factual finding by the district court is binding on this court if substantial evidence supports it. *GE Money Bank v. Morales*, 773 N.W.2d 533, 536 (Iowa 2009). Substantial evidence supports a factual finding only if the fact finder may reasonably infer the finding from the evidence presented. *Vaughan v. Must, Inc.*, 542 N.W.2d 533, 538 (Iowa 1996).

### IV. Analysis and Discussion.

In its motion to quash the garnishment, the City claimed the general funds in its bank account were exempt from execution under the Iowa Code. The Code provides:

> **Public Property.**
> Public buildings owned by the state, or any county, city, school district, or other municipal corporation, or any other public property which is necessary and proper for carrying out the general purpose for which such corporation is organized, are exempt from execution.

Iowa Code § 627.18.

**A. Whether the General Funds in the City's Bank Account Constitute Other Public Property Within the Meaning of Section 627.18.** We begin our analysis by recounting basic principles of statutory interpretation. When we interpret a statute, our goal is to determine legislative intent. *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004). "We determine legislative intent from the words chosen by the legislature, not what it should or might have said." *Id.* When the language in a statute is plain and unambiguous such that

reasonable persons cannot disagree as to its meaning, we need not resort to rules of statutory construction. *Zimmer v. Vander Waal*, 780 N.W.2d 730, 733 (Iowa 2010). When statutory definitions bearing on the meaning of the words in a statute exist, those definitions serve as the foundation of our analysis. *Id.* When the language of a statute has changed little over time, we look to its origins to discern legislative intent. *See Woodbury County v. City of Sioux City*, 475 N.W.2d 203, 205 (Iowa 1991). Thus, when interpreting a statute originating in the early history of our state, the common law informs our interpretation. *See id.*

Finally, when interpreting a statute, we may not mitigate the hardships either party presumes will flow from its enforcement, nor impose our personal opinions as to its wisdom. *Kneppe v. Huismann*, 223 Iowa 569, 571, 272 N.W. 602, 603 (1937). Particularly in the context of interpreting grants of powers and rights to public corporations, doubt or ambiguity arising out of the terms the legislature used must be resolved in favor of the public. *See Clark, Dodge & Co. v. City of Davenport*, 14 Iowa 494, 500 (1863). As the Code instructs, it is presumed the legislature intended the public interest to be favored over any private interest in enacting a statute. *See* Iowa Code § 4.4(5).

Iowa Code section 4.1 contains three statutory definitions bearing on the meaning of the phrase "other public property" in section 627.18. These definitions serve as the foundation of our analysis so long as they are not "inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute." Iowa Code § 4.1. First, section 4.1(24) defines the term "property" to include both "personal and real property." *Id.* § 4.1(24). Second, section 4.1(21) defines the phrase "personal property" to include "money, goods, chattels, evidences of debt, and things in action." *Id.* § 4.1(21). Third, section 4.1(13) defines the

phrase "real property" to include "lands . . . and all rights thereto and interests therein." *Id.* § 4.1(13).

Because the Code includes statutory definitions bearing directly on the meaning of the phrase "other public property," we construe the phrase to accommodate these definitions in the absence of contrary legislative intent. *See Groenendyk v. Fowler*, 204 Iowa 598, 601, 215 N.W. 718, 720 (1927). When interpreted in harmony with these statutory definitions, the plain language of section 627.18 creates a municipal right to exempt real property and personal property from execution, including money held in a bank account. In other words, the inclusion of the phrase "other public property" in section 627.18 indicates municipal corporations may claim as exempt from execution virtually any property that is "necessary and proper for carrying out the general purpose for which such corporation is organized." Iowa Code § 627.18.

The legislative history of section 627.18 yields no evidence of contrary legislative intent. On the contrary, legislative history supports construing section 627.18 in harmony with the statutory definitions contained in section 4.1. The statutory provision creating the exemption from execution for public property now contained in section 627.18 first appeared in the 1851 Code. The language of the statutory exemption from execution has changed little over time. In fact, nearly identical language to that contained in section 627.18 appeared the 1851 Code, which provided in relevant part:

> **Public property exempt.** Public buildings owned by the state or any county, city, school district, or other civil corporation, and any other public property which is necessary and proper for carrying out the general purpose for which any such corporation is organized, are exempt from execution.

Iowa Code § 1895 (1851).[2]  The 1851 Code also included definitions of the terms "property," "personal property," and "real property" identical to those appearing in the modern Code.  *Compare* Iowa Code § 26(8)–(10) (1851), *with* Iowa Code § 4.1(13), (21), (24) (2013).[3]

Likewise, the common law offers no basis for disregarding the relevant statutory definitions in interpreting section 627.18.  *See Woodbury County*, 475 N.W.2d at 205.  For example, the first edition of Black's Law Dictionary acknowledged the term "property" as being "a very wide term" that "includes every class of acquisitions which a man can own or have an interest in."  *Black's Law Dictionary* 953–54 (1st ed. 1891).  In fact, the notion that a person possesses an absolute and fundamental right of private property consisting of "the free use, enjoyment, and disposal of all his acquisitions" has been a foundational premise of the common law since at least the time of Blackstone.  *See Kerry v. Din*, 576 U.S. ___, ___, 135 S. Ct. 2128, 2133, 192 L. Ed. 2d 183, 188 (2015) (quoting 1 William Blackstone, *Commentaries on the Laws of England* 134 (1769)).

We have never addressed the question of whether general funds in a municipal bank account may constitute public property for purposes of the exemption from execution contained in section 627.18.  However, nothing in our caselaw suggests the phrase "other public property" excludes bank accounts containing general funds.  We have previously construed the phrase "other public property" to encompass personal

---

[2]Section 1895 of the 1851 Code contained an additional sentence, which provided that "property of a private citizen can in no case be levied upon to pay the debt of a civil corporation."  Iowa Code § 1895 (1851).  The legislature removed the bulk of this sentence from the Code in 1981.  *See* 1981 Iowa Acts ch. 182, § 4 (codified at Iowa Code § 627.18 (1983)).

[3]Neither the exemption from execution for public property nor these definitions appeared in the Revised Statutes of the Territory of Iowa (1843).

property. *See Moore*, 37 Iowa 388–90 (holding lumber, tools, and other chattels owned by a municipal corporation were exempt from execution under Iowa Code section 3274, now section 627.18). In addition, we have long acknowledged the breadth of the term "property."

> The term "property" is said to be nomen generalissimum and to include everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value, or which goes to make up one's wealth or estate.

*Wapsie Power & Light Co. v. City of Tipton*, 197 Iowa 996, 1000, 193 N.W. 643, 645 (1923); *see also Reynolds v. Miller*, 6 Iowa 459, 461 (1858) (explaining the term "property" as defined in Iowa Code section 26(10), now section 4.1(24), encompasses "every interest a man may have in any property, real or personal" such that it is "equivalent to the word 'estate,' as used in relation to wills").

Consequently, we conclude the general funds in a municipal bank account constitute "other public property" exempt from execution under Iowa Code section 627.18 so long as they are necessary and proper for carrying out the general purpose for which the municipality is organized. This conclusion accords not only with the statutory definitions in the Code and the common law existing when the general assembly enacted the statutory exemption from execution for public property, but also with our caselaw and the scope of the exemption from execution for public property in other jurisdictions. *See* P.H.V., Annotation, *Municipal Funds and Credits as Subject to Levy Under Execution or Garnishment on Judgment Against Municipality*, 89 A.L.R. 863, 864 (1934) ("The courts are practically unanimous in holding that the funds or credits of a municipality or other public body exercising governmental functions, acquired by it in its governmental capacity, may not be reached by its

creditors by execution under a judgment against the municipality, or by garnishment served upon the debtor or depository of the municipality.").

**B. Whether the General Funds in the City's Bank Account Were Necessary and Proper for Carrying Out the General Purpose for Which the City Was Organized.** RUSS argues the general funds were not necessary and proper for carrying out the general purpose for which the City was organized, urging the City presented no evidence it has been unable to fulfill the purposes for which it was incorporated since its general funds were garnished. The City argues RUSS failed to preserve this issue on appeal by failing to cross-appeal from an adverse ruling by the district court.

Ordinarily a successful party need not cross-appeal on a ground presented to but ignored or rejected by the district court to preserve error. *EnviroGas, L.P. v. Cedar Rapids/Linn Cty. Solid Waste Agency*, 641 N.W.2d 776, 781 (Iowa 2002) (quoting *Johnson Equip. Corp. of Iowa v. Indus. Indem.*, 489 N.W.2d 13, 16 (Iowa 1992)). But this general rule applies only when the party received a favorable ruling on the claim at issue. *See Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 398–99 (Iowa 2001); *Ritz v. Wapello Cty. Bd. of Sup'rs*, 595 N.W.2d 786, 789 (Iowa 1999); *Venard v. Winter*, 524 N.W.2d 163, 165 (Iowa 1994). "This is because a party need not, in fact cannot, appeal from a favorable ruling." *Garling Const., Inc. v. City of Shellsburg*, 641 N.W.2d 522, 523 (Iowa 2002) (quoting *Johnson Equip.*, 489 N.W.2d at 16). Our determination as to whether RUSS preserved the argument that the general funds were not necessary and proper for carrying out the general purpose for which the City was organized turns on whether RUSS received an adverse ruling from the district court on this issue from which it could have appealed.

The sole issue before the district court was whether the City was entitled to the statutory exemption from execution from public property, and RUSS received a favorable ruling denying the claim of statutory exemption. Although the district court made an adverse finding in arriving at that ruling, RUSS could not appeal the ruling in its favor. Thus, RUSS preserved its argument that the general funds were not necessary to the general purpose for which the City was organized as there was no adverse ruling from which it could have appealed.

The district court found the City depends on the general funds in its bank account to carry out the general purposes for which the City was organized. This finding is binding on appellate review so long as substantial evidence actually presented to the district court supports it. *See Morales*, 773 N.W.2d at 536. Of course, in determining whether substantial evidence supports a district court finding, we do not weigh the evidence. *See Allison-Kesley Ag Ctr., Inc. v. Hildebrand*, 485 N.W.2d 841, 844 (Iowa 1992). Rather, "we only decide if there is a proper basis upon which the trial court *could* find as it did." *Id.* (quoting *Arbie Mineral Feed Co. v. Nissen*, 179 N.W.2d 593, 595 (Iowa 1970))

We have never specified a legal test for determining whether property is "necessary and proper for carrying out the general purpose for which such corporation is organized" in evaluating claims of exemption brought under section 627.18. Nor does either party advance a specific legal test for determining whether public property meets this prerequisite of the statutory exemption from execution. However, we long ago concluded a recitation of statutory language is sufficient to state a claim of statutory exemption from execution. *Moore*, 37 Iowa at 390.

The City presented ample evidence from which the district court could have reasonably inferred the general funds in its bank account

were necessary to the general purposes for which the City was organized. Mayor Marek testified the general funds were necessary for the City to fulfill the purposes for which it was incorporated because without them the City would unable to pay its officials or provide basic services it could not pay for with special funds. In addition, the City submitted various documents to support its allegation that the general funds were necessary and proper to carrying out the general purposes for which it was organized, including a copy of its budget for the present fiscal year along with schedules summarizing its recent historical revenues and expenditures. Consequently, we conclude the district court based its finding on substantial evidence.

Because the determination of whether a finding is supported by substantial evidence requires us to consider the evidence actually presented to the district court, it is irrelevant that the City presented no evidence on appeal suggesting it was unable to fulfill the purposes for which it was incorporated after its general funds were garnished. Moreover, although RUSS cross-examined Mayor Marek at the hearing on the motion to quash, RUSS produced no other evidence tending to undermine the conclusion that the general funds were necessary and proper to carrying out the general purposes for which the City was organized.

In its order denying the motion to quash the execution, the district court found the special funds are dedicated to the purposes set forth by the government entities that provide them whereas the use of general funds is unrestricted. However, the court made no explicit finding that the general funds were proper to carrying out the general purposes for which the City was organized. Thus, we must determine whether the funds were proper for that purpose.

The meaning of the word "proper" may depend on context. *See Lockhart v. Cedar Rapids Cmty. Sch. Dist.*, 577 N.W.2d 845, 847 (Iowa 1998). For example, property may be "proper" for carrying out a specific purpose in the sense that it is "suitable, right, fit, or correct" to use the property in carrying out that purpose. *Black's Law Dictionary*, 1410 (10th ed. 2014). Alternatively, property may be "proper" for carrying out a specific purpose in the sense it is "allowable, right, and becoming" to use the property for such purposes. *Id.*

We need not parse the shades of meaning between competing definitions of the term "proper" to resolve the question before us, however. We conclude that regardless of the precise meaning of the term "proper," it is obvious the general funds were proper to carrying out the general purpose for which the City was organized. Notably, neither party disputed the propriety of using such funds for carrying out that purpose or the propriety of the means by which the City collected the funds. More importantly, at the hearing on the motion to quash the execution, Mayor Marek testified use of the general funds was unrestricted by law and indicated the general funds derived from property taxes assessed at a rate allowed by law.

Therefore, we conclude the general funds qualified as exempt from execution under Iowa Code section 627.18.

## V. Disposition

We reverse the judgment of the district court denying the City's motion to quash the garnishment and remand the case to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**