# IN THE COURT OF APPEALS OF IOWA

No. 16-0275
Filed April 19, 2017

**JAMES E. WRIGHT, JR.,**
        Applicant-Appellee,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.

The State appeals from a district court order granting a defendant

postconviction relief. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant

Attorney General, for appellant State.

Gary Dickey and Angela Campbell of Dickey & Campbell Law Firm,

P.L.C., Des Moines, for appellee.

Heard by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

In *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), the supreme court held willful injury cannot serve as the predicate felony for felony murder "if the act causing willful injury is the same act that causes the victim's death." The court limited application of this new rule "only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." *Heemstra*, 721 N.W.2d at 558.

The primary question presented in this postconviction-relief appeal is whether the supreme court's limitation of the application of *Heemstra* to only non-final cases in which the issue had been raised in the district court violated the equal protection and due process clauses of the Iowa Constitution. The postconviction court held it did:

> If the specific facts of a criminal case on direct appeal require application of a new substantive rule, it should be applied. There is little perceptible difference between defendants who needlessly raised the merger issue at trial before *Heemstra*, and those who focused their arguments on issues supported by the law at the time. Application of the new merger rule to all cases pending on appeal, whether the issue was raised in the district court or not, is required to provide equal treatment to all similarly situated defendants with appeals which are not final and to comport with the requirements of due process.

The postconviction court vacated Wright's conviction for murder in the first degree and ordered new trial. The State timely filed this appeal.

I.

On May 4, 2000, James Wright was involved in the shooting death of Ollie Talton. Wright was charged with first-degree murder, in violation of Iowa Code section 707.2 (1999). The district court instructed the jury on premeditated

murder and felony murder with willful injury serving as the predicate felony. The jury returned a general guilty verdict. Wright did not object to the jury instruction or verdict form or otherwise raise the *Heemstra* issue.

Wright appealed his conviction. While the appeal was pending, the supreme court decided *Heemstra*. Wright's appellate counsel filed a motion to amend his brief to address the *Heemstra* decision. This court ordered supplemental briefing on the issue. Meanwhile, the State filed a petition for rehearing in *Heemstra*, asking the supreme court to address whether its merger rule would apply retrospectively or prospectively. The supreme court amended its decision, writing: "The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal *in which the issue has been raised in the district court*." *Heemstra*, 721 N.W.2d at 558 (emphasis added). We affirmed Wright's conviction shortly thereafter. *State v. Wright*, No. 05-0679, 2006 WL 3018149, at *4 (Iowa Ct. App. Oct. 25, 2006).

Wright filed an application for postconviction relief in 2008. Among other claims, Wright asserted his trial counsel was ineffective for failing to object to the felony-murder instruction. While Wright's application for postconviction relief was pending, the supreme court decided *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009). In that case, the court held *Heemstra* was a change in the law and trial counsel could not be deemed ineffective for failing to anticipate the change in law in *Heemstra*. *See Goosman*, 764 N.W.2d at 545. The *Goosman* court also held due process did not require application of the *Heemstra* rule to cases final prior to *Heemstra*. *See id.*

Wright's postconviction case proceeded to trial. The postconviction court held Wright's trial counsel had no duty to object to the felony-murder instruction on merger grounds because that argument had been repeatedly rejected in the years prior to Wright's trial. *See, e.g., Davis v. State*, No. 13-1630, 2015 WL 4642053, at *2 (Iowa Ct. App. Aug. 5, 2015) (explaining "the change in law resulting from *Heemstra* was clearly and repeatedly rejected by controlling precedent" prior to *Heemstra*). The postconviction court held appellate counsel performed competently by seeking supplemental briefing. The court did, however, hold the equal protection clause and due process clause of the Iowa Constitution required application of the *Heemstra* rule to all cases on appeal at the time *Heemstra* was decided, without regard to whether trial counsel objected to the instruction or otherwise raised the issue.

II.

A.

"Like the Federal Equal Protection Clause found in the Fourteenth Amendment to the United States Constitution, Iowa's constitutional promise of equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Varnum v. Brien*, 763 N.W.2d 862, 878 (Iowa 2009) (citation omitted). "This requirement of equal protection—that the law must treat all similarly situated people the same—has generated a narrow threshold test. Under this threshold test, if plaintiffs cannot show as a preliminary matter that they are similarly situated, courts do not further consider whether their different treatment . . . is permitted under the equal protection clause." *Id.* at 882.

The district court appeared to conclude Heemstra and Wright were similarly situated, noting there was "little perceptible difference" between those cases on direct appeal in which the defendant objected to the felony-murder instruction and those cases in which the defendant did not object to the felony-murder instruction. We disagree. The two classes of defendants did not have the same legal claim on direct appeal. Heemstra's specific legal claim was the district court erred in overruling his objection to the felony-murder instruction where willful injury served as the predicate felony but the act causing willful injury was the same act that caused the victim's death. Wright could not and cannot assert this legal claim because he failed to object to the instruction. Wright's specific legal claim was and is his trial counsel provided constitutionally deficient representation in failing to object to the felony-murder instruction.

Although the district court elided over the difference between Heemstra and Wright's cases, the difference is material. The respective legal claims are substantively different. Unlike Heemstra, to prevail on his claim, Wright was required to establish that his "trial counsel failed to perform an essential duty and that this failure resulted in prejudice." *State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001). The postconviction court in this case, relying on *Goosman* and more recent precedents, correctly granted summary judgment on Wright's claim of ineffective assistance of counsel. Thus, at the time *Heemstra* was decided, those cases on direct appeal in which the defendant had objected to the instruction had a potentially meritorious claim whereas those cases in which the defendant had failed to object to the instruction had no claim or no meritorious claim.

The district court relied on *Griffith v. Kentucky*, 479 U.S. 314 (1987), to conclude principles of equal protection required Wright be allowed a new trial despite him not having any legal claim or any meritorious legal claim. In *Griffith*, the Supreme Court considered the retrospective application of *Batson v. Kentucky*, 476 U.S. 79 (1986), and held "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffith*, 479 U.S. at 328. *Griffith* is distinguishable in three respects. First, it is an enunciation of federal principles and is not controlling on questions of state law. Second, the case applies to new federal constitutional rules of criminal procedure, while *Heemstra* was a change in state substantive law. Finally, and most important, Griffith—like Batson before him—objected at the trial level and preserved error on the issue. *See id.* at 317; *Batson*, 476 U.S. at 83.

Wright argues *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), is controlling and requires he be given a new trial. In *Montgomery*, the Supreme Court held:

> when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule. *Teague* [*v. Lane*, 489 U.S. 288 (1989)]'s conclusion establishing the retroactivity of new substantive rules is best understood as resting upon constitutional premises. That constitutional command is, like all federal law, binding on state courts.

136 S. Ct. at 729. Wright argues "the Constitution requires substantive rules to have retroactive effect regardless of when a conviction becomes final." *Id.* Our supreme court already has rejected the conclusion that *Montgomery* required

retrospective application of *Heemstra*, distinguishing the case by noting "*Heemstra* did not create a new substantive rule of constitutional dimension." *Nguyen v. State*, 878 N.W.2d 744, 753 n.4 (Iowa 2016). Therefore, *Montgomery* is inapplicable. *See id.*

"A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backw[a]rd. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions." *Wainwright v. Stone*, 414 U.S. 21, 24 (1973). "When questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." *American Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167, 177 (1990). Our supreme court decided *Heemstra* was applicable only to "cases not finally resolved on direct appeal in which the issue [was] raised in the district court." *Heemstra*, 721 N.W.2d at 558. No constitutional principle—federal or state—required retrospective application of *Heemstra* to those cases in which the issue was never raised. *See Wainwright*, 414 U.S. at 24.

It is not unconstitutional or even unreasonable to treat as similarly situated only those parties whose cases are "'factually and legally similar' and 'share similar procedural histories.'" *State ex rel. Brown v. Bradley*, 658 N.W.2d 427, 433 n.7 (Wis. 2003) (citations omitted); *see also Shea v. Louisiana*, 470 U.S. 51, 58 n.4 (1985) (holding new rule must be applied to cases pending at the time of decision establishing new rule, "subject, of course, to established principles of waiver, harmless error, and the like"); *Stovall v. Denno*, 388 U.S. 293, 301 (1967) ("Inequity arguably results from according the benefit of a new rule to the parties

in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process *who have raised the same issue*." (emphasis added)), *overruled on other grounds by Griffith*, 479 U.S. at 328; *United States v. David*, 83 F.3d 638, 643 n.6 (4th Cir. 1996) ("[W]e believe that a defendant who objects to an alleged error (as did the defendant in *Griffith*) is not 'similarly situated' . . . to a defendant who did not, and so a new rule created for the former need not be deemed plain for the latter."); *Ferguson v. State*, 13 So. 3d 418, 430 (Ala. Crim. App. 2008) ("The 'similarly situated defendants' the United States Supreme Court considers itself bound to treat the same are defendants who can still come before that Court on certiorari review of an appeal from a final judgment of conviction or from a decision of a United States Court of Appeals."); *Asay v. State*, No. SC16-223, 2016 WL 7406538, at *21 (Fla. Dec. 22, 2016) (Lewis, J., concurring in result) (stating new rule should be retroactive to those defendants who properly preserved challenge at trial); *Belvedere v. State*, 889 N.E.2d 286, 288 (Ind. 2008) ("Because Belvedere's challenge to this pre-[*Litchfield v. State*, 824 N.E.2d 356 (Ind. 2005)] search was first raised after *Litchfield* was decided, *Litchfield* is not available to him in this appeal."); *State v. Reichmand*, 243 P.3d 423, 425 (Mont. 2010) (defining "similarly situated" as "having raised the issue addressed by the new rule at the trial court level, thereby preserving it for appeal"); *State v. Tierney*, 839 A.2d 38, 44 (N.H. 2003) (requiring issue to be preserved for new rule to apply); *Commonwealth v. Ardestani*, 736 A.2d 552, 555 (Pa. 1999) (requiring issue to be preserved for new rule to apply); *Taylor v. State*, 10 S.W.3d 673, 683 (Tex. Crim. App. 2000) ("Even if the rule is retroactively imposed, a defendant may yet be denied relief on the basis that the

error was not properly preserved or was harmless."); *State v. Reed*, 625 S.E.2d 348, 352 (W. Va. 2005) (requiring defendant seeking benefit of new rule to have "properly preserved the issue below").

Our supreme court had the authority to limit the retroactive application of *Heemstra*. It has done so, distinguishing those cases on appeal where error was preserved and a potentially meritorious legal claim was presented and those cases where error was not preserved and no legal claim or no meritorious legal claim was presented. The equal protection clause does not require that these dissimilar cases be treated the same. The district court erred in holding otherwise.

## B.

The State also argues due process does not require application of the *Heemstra* rule to Wright's case. The analysis of Wright's case under a due process theory is much the same as above. Our supreme court has held neither the federal nor state constitution requires *Heemstra* retroactivity for cases decided before *Heemstra*. *See Nguyen*, 878 N.W.2d at 756; *Goosman*, 764 N.W.2d at 545. For the reasons stated above, we see no compelling reason to apply *Heemstra* to cases pending on appeal when *Heemstra* was decided but in which the issue was not raised in district court.

> Nothing in *Griffith*, nor any other Supreme Court decision, requires this result. In fact, Supreme Court precedent indicates that the rules of retroactivity are subject to established principles of procedural default, waiver, and the like. Indeed, as outlined below, the defendant in *Griffith* timely preserved the constitutional error at issue during his trial and on appeal. . . . That fact is important . . . .

*United States v. Levy*, 391 F.3d 1327, 1329 (11th Cir. 2004). We conclude the same reasoning would apply to a claim arising under the due process clause of the Iowa Constitution. *See, e.g., Taft v. Iowa Dist. Ct.,* 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). Due process does not require that a criminal defendant be allowed to assert anew unpreserved, waived, barred, or defaulted legal claims. The district court erred in holding otherwise.

III.

Related to the constitutional claims above, Wright argues his direct-appeal counsel was ineffective for failing to file a motion for limited remand, after *Heemstra* was decided, to allow counsel to make an objection to the felony-murder instruction after the fact. The postconviction court rejected the argument. Wright did not file a cross-appeal. Error is not preserved on this claim. *See Reg'l Util. Serv. Sys. v. City of Mount Union*, 874 N.W.2d 120, 126 (Iowa 2016) ("Ordinarily a successful party need not cross-appeal on a ground presented to but ignored or rejected by the district court to preserve error. But this general rule applies only when the party received a favorable ruling on the claim at issue." (citations omitted)).

Even if error were preserved, however, Wright's claim would fail. Wright contends his counsel should have, in addition to requesting supplemental briefing following the *Heemstra* decision, also requested limited remand to preserve error. *See* Iowa R. App. P. 6.1004. We review claims of ineffective assistance de novo. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). We can find

no case in which limited remand was granted for an evidentiary hearing outside the context of providing a factual basis for ineffective-assistance claims. *See, e.g., In re D.L.*, No. 14-1302, 2015 WL 5285658, at *4 (Iowa Ct. App. Sept. 10, 2015). That is not what Wright requests. His request is akin to asking for another opportunity to file an Iowa Rule of Civil Procedure 1.904(2) motion to raise an argument not originally raised at trial. Because an application for limited remand "will not revive a time-barred posttrial motion," *Wolf v. City of Ely*, 493 N.W.2d 846, 849 (Iowa 1992), we think an application for limited remand cannot provide the foundation for a time-barred posttrial motion, either. Because Wright asks the procedurally impossible, we will not find his counsel ineffective for failing to pursue a meritless argument. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015).

IV.

Wright also argues his trial counsel was ineffective for failing to object to the following jury instruction:

> Where two or more alternative theories are presented, or where two or more facts would produce the same result, the law does not require each juror to agree as to which theory or facts leads to his or her verdict. It is the verdict itself which must be unanimous, not the theory or facts upon which it is based.

*See State v. Hunt*, No. 07-0181, 2008 WL 4569877, at *8 (Iowa Ct. App. Oct. 15, 2008) (examining identical instruction). Wright argues the jury instruction violated his right to due process and the rule of jury unanimity. He also takes issue with the prosecutor's related statement in closing argument that "you can rely on different facts or assume different facts" in reaching a unanimous decision. He argues these failures are enough to undermine confidence in the

general verdict. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("A reasonable probability [of prejudicial ineffective assistance] is a probability sufficient to undermine confidence in the outcome.").

The postconviction court rejected this claim. Wright did not cross-appeal the ruling on this issue. Error therefore has not been preserved. *See Reg'l Util. Serv. Sys.*, 874 N.W.2d at 126.

Even if Wright had preserved error, this claim would not entitle him to relief. The Supreme Court has rejected this claim. *See Schad v. Arizona*, 501 U.S. 624, 636 (1991). Our appellate courts have rejected similar arguments. *See State v. Bratthauer*, 354 N.W.2d 774, 776 (Iowa 1984) ("If substantial evidence is presented to support *each* alternative method of committing a single crime, and the alternatives are not repugnant to each other, then unanimity of the jury as to the mode of commission of the crime is not required."); *State v. Williams*, 285 N.W.2d 248, 270 (Iowa 1979) ("[A] showing that the murder occurred in the perpetration of a felony is merely a particular statutorily prescribed method for showing the mental elements of deliberation and premeditation."). "Jurors may disagree about the means of committing a single crime." *State v. James*, 2014 WL 4230203, at *8–9 (Iowa Ct. App. Aug. 27, 2014) (Tabor, J., concurring) (citing *Schad*, 501 U.S. at 636). As a result, counsel had no duty to object to the jury instruction. His failure to do so does not place his representation outside the normal range of professional competency. *See State v. Graves*, 668 N.W.2d 860, 870 (Iowa 2003).

V.

For the foregoing reasons, we reverse the decision of the district court and remand for entry of an order dismissing Wright's application for postconviction relief.

**REVERSED AND REMANDED.**